RICHARD DOWNING AND IRMA DOWNING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99171.   Promulgated March 26, 1941.

*Herbert A. Rosenthal, Esq.*, for the petitioners.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

HARRON: The first question is whether the debt of $95.74 owed to petitioner by the City Coal Co. is deductible in the taxable year as a bad debt. The question arises under section 23 (k) of the Revenue Act of 1936, which provides in part that a debt "ascertained to be worthless and charged off within the taxable year" shall be allowed as a deduction. Petitioner deducted the amount of the debt in question on the joint income tax return filed by him for the taxable year; and respondent disallowed the deduction in the statement attached to the deficiency notice.

Respondent does not contend that the debt in question was not charged off by petitioner on his books within the taxable year.

And it is clear that the debt in question was charged off within a reasonable time after the close of the taxable year by entries on petitioner's books made in the usual course with other closing entries as of the close of the taxable year and before his books were closed finally for that year. *A. W. Blackie*, 2 B. T. A. 747; *Bank of Duplin*, 12 B. T. A. 652; *Loritan Investment Co.*, 21 B. T. A. 1412. However, respondent does contend that petitioner has failed to prove that the debt in question was ascertained to be worthless within the taxable year.

In our opinion, petitioner has introduced sufficient evidence to prove that the debt in question was ascertained to be worthless within the taxable year. The debt in question was relatively small, i. e., $95.74. See Paul and Mertens, Law of Federal Income Taxation, vol. 3, sec. 28.54. In the taxable year petitioner did refer the debt for collection to his attorney at Cleveland, who, in turn, referred the debt for collection to a correspondent attorney at Warren, the situs of the debtor. The correspondent attorney reported to petitioner's attorney that he was unable to collect the debt and "that he was unable to find anything." Cf. *Patten & Davies Lumber Co.* v. *Commissioner*, 45 Fed. (2d) 556. On December 8, 1937, the debtor filed a voluntary petition in bankruptcy. Petitioner was then advised by his attorney that the debt was worthless. Cf. *Patten & Davies Lumber Co.* v. *Commissioner, supra.* In view of the fact that the investigation made by the correspondent attorney disclosed that the debt was uncollectible, petitioner was not required to wait until the affairs of the bankrupt debtor were liquidated before deducting the debt in question as a bad debt. *Patten & Davies Lumber Co.* v. *Commissioner, supra; Mosher Manufacturing Co.*, 7 B. T. A. 187. Accordingly it is held that the debt in question was ascertained to be worthless and charged off within the taxable year, and thus is deductible as a bad debt. *Patten & Davies Lumber Co.* v. *Commissioner, supra.*

The second question is whether $6,408.74, the total amount deducted by petitioner as additional expenses from the total sales price of coal sold by him for Culmerville in the taxable year, is includable in his income for that year. Petitioner did not report the amount in question as income on the joint income tax return filed by him for the taxable year; and respondent included the amount in question in petitioner's income for the taxable year in the statement attached to the deficiency notice.

Petitioner contends in substance that in the taxable year the amount in question was subject to a substantial contingency of litigation, and that no part of the amount in question is includable in petitioner's income until 1938 when the contingency was terminated by the set-

tlement of the litigation. Respondent contends in effect that the amount in question was received by petitioner in the taxable year "under a claim of right and without restriction as to its disposition" and is includable in his income for that year even though "subsequent events may result in the determination that the recipient or claimant is not entitled to it", and relies on *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417; and *National City Bank* v. *Helvering*, 98 Fed. (2d) 93.

In *North American Oil Consolidated* v. *Burnet, supra*, the Supreme Court enunciated the following principles:

* * * If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.

See also *Board* v. *Commissioner*, 51 Fed. (2d) 73; certiorari denied, 284 U. S. 658; *Commissioner* v. *Brooklyn Union Gas Co.*, 62 Fed. (2d) 505; *Blum* v. *Helvering*, 74 Fed. (2d) 482; certiorari denied, 295 U. S. 732; *Champlin* v. *Commissioner*, 78 Fed. (2d) 905; *National City Bank* v. *Helvering, supra; Frederick S. Buggie*, 32 B. T. A. 581.

The application of the principles set forth above to the facts present here compels the conclusion that the amount in question is includable in petitioner's income in the taxable year. During the taxable year petitioner kept his books on the accrual basis. He invoiced the sales of coal for Culmerville to the purchasers in his own name; he guaranteed payment of all accounts; and payments were made directly to him. The total sales price of the coal sold by him for Culmerville during the taxable year presumably was debited on his books to the purchasers. From such total sales price he deducted commissions earned on sales and additional expenses incurred on sales (which totaled the amount in question), and the balance was credited to the Culmerville account. The commissions earned on sales and additional expenses incurred on sales (which totaled the amount in question) were credited to the Culmerville commissions account. Thus, on the accrual basis, the amount in question was received by petitioner in the taxable year. Moreover, the record indicates that the amount in question was received by him under a "claim of right." Since the time of the execution of the sales agency agreement petitioner had deducted additional expenses from the total sales price of coal sold by him for Culmerville, and Culmerville never objected to this practice until near the end of the taxable year. That the amount in question was transferred from the Culmerville commissions account to the commissions

special account as of the end of the taxable year does not indicate an abandonment of his claim of right. That he persisted in his claim of right even after the end of the taxable year is shown by the fact that Culmerville instituted suit against him in July 1938 to recover the amount in question. Furthermore, the record indicates that the amount in question was received by petitioner "without restriction as to its disposition." All payments by purchasers were made to petitioner directly and deposited by him in his own bank account. As petitioner states in his reply brief, all money that he received from the sale of coal for Culmerville was his own money. It is true that the amount in question was subject to a contingent liability to pay Culmerville an equivalent amount if the controversy over the deduction of the amount in question from total sales price went against petitioner. See *Commissioner* v. *Brooklyn Union Gas Co., supra.* And in fact petitioner's testimony shows that the amount in question was transferred from the Culmerville commissions account to the commissions special account in order to reflect such a contingent liability. However, the contingent liability imposed no restriction upon petitioner's use of the amount in question which he had already received. See *Commissioner* v. *Brooklyn Union Gas Co., supra.* The settlement of the suit instituted by Culmerville to recover the amount in question merely determined petitioner's right to retain income already received. See *Commissioner* v. *Brooklyn Union Gas Co., supra.* Whatever effect the payment of $1,000 made by petitioner in connection with the settlement of the litigation in 1938 has upon his income should be reflected in a correct return of his income for 1938. See *Frederick S. Buggie, supra.* Accordingly, it is held that the amount in question is includable in petitioner's income for the taxable year. See *North American Oil Consolidated* v. *Burnet, supra; Board* v. *Commissioner, supra; Commissioner* v. *Brooklyn Union Gas Co., supra; Blum* v. *Helvering, supra; Champlin* v. *Commissioner, supra; National City Bank* v. *Helvering, supra; Frederick S. Buggie, supra.*

The final question is whether petitioner's wife, Irma Downing, is liable for the deficiency in tax. The deficiency in tax arises entirely out of petitioner's income. His wife had no income from any source in the taxable year. Therefore, she is not liable for any tax in that year, even though a joint return for husband and wife was filed. *Sachs* v. *Commissioner,* 111 Fed. (2d) 648; *Cole* v. *Commissioner,* 81 Fed. (2d) 485; *Frank W. Darling,* 34 B. T. A. 1062.

*Decision will be entered under Rule 50.*