EDWARD J. COSTELLO, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOHNSEN, MANFREDI & THORPE, A PROFESSIONAL CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Costello v. Commissioner
Docket Nos. 22752-82, 33881-83.
United States Tax Court
T.C. Memo 1985-571; 1985 Tax Ct. Memo LEXIS 61; 50 T.C.M. (CCH) 1463; T.C.M. (RIA) 85571; November 21, 1985. *61 Edward J. Costello, Jr., pro se in docket No. 22752-82. Douglas L. Thorpe (an officer), for the petitioner in docket No. 33881-83. Howard Rosenblatt, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In docket No. 22752-82, respondent determined a deficiency of $19,010 in petitioner Edward J. Costello, Jr.'s income tax liability for 1978. In docket No. 33881-83, respondent determined deficiencies of $10,807 and $1,446 in the income tax liability of petitioner Johnsen, Manfredi & Thorpe, A Professional Corporation, for its fiscal years ended in February 1979 and 1980, respectively. The issue for decision is which petitioner is taxable on legal fees received in 1978 after termination of the relationship between petitioners. FINDINGS OF FACT Petitioner Edward J. Costello, Jr. (Costello) was a resident of Los Angeles, California, at the time he filed his petition herein. Petitioner Johnsen, Manfredi & Thorpe, A Professional Corporation (the corporation), had its principal place of business in Los Angeles, California, at the time it filed its petition herein. Prior to March 15, 1978, Costello was employed by the corporation, *62 then known as Costello, Manfredi & Thorpe. Costello terminated his employment with the corporation on March 15, 1978. Thereafter, during 1978, Costello collected fees totaling $31,365.91 from clients of the corporation for services rendered by the corporation prior to March 15, 1978. At the time the funds were received, Costello and the corporation were engaged in a dispute over moneys owed to Costello by the corporation. Costello deposited the funds received from clients in a bank account over which he maintained signatory control and subsequently transferred them to a government securities account. From the time Costello collected the $31,365.91 from clients in 1978 until on or about April 30, 1980, the corporation demanded that Costello turn over the funds to the corporation, but Costello refused to do so. On April 30, 1980, Costello and the corporation entered into an agreement providing, in part, that the funds previously collected by Costello would be credited against funds owed to Costello by the corporation. Each of the petitioners was a cash basis taxpayer during the years in issue. Neither petitioner reported the disputed funds received from clients on a tax return *63 covering the period in which the funds were received. In separate notices of deficiency, respondent took protective positions and determined that each petitioner should have reported income in the amount of the funds received by Costello during the years in issue. Other adjustments made in the statutory notice sent to Costello have now been conceded by respondent. All adjustments in the statutory notice sent to the corporation, including a credit carryover into the subsequent fiscal year, related to the fees in dispute. Respondent concedes that a decision against one petitioner requires a decision in favor of the other petitioner. By notice served April 17, 1985, the consolidated cases were set for trial on September 9, 1985, in Los Angeles, California. In that notice, and in a separate standing pretrial order served therewith, the parties were reminded of their obligations to stipulate to facts in accordance with Rule 91, Tax Court Rules of Practice and Procedure. On September 6, 1985, Costello sent a letter to the Court in which he requested a continuance. That request was renewed when the case was called from the calendar on September 9, 1985. At that time, Costello admitted *64 that he had not even read the 4-page proposed stipulation previously sent to him by respondent's counsel. The motion for continuance was denied, and the consolidated cases were set for trial later that day. Costello did not appear for trial and was declared in default. The case was submitted on stipulated exhibits and the testimony of Douglas Thorpe on behalf of the corporation. The trial consumed less than 20 minutes. Costello was thereafter given an opportunity to be relieved of his default but made no effort to take advantage of that opportunity. OPINION The essence of the dispute remaining, as appears from the trial memoranda submitted in accordance with the Court's standing pretrial order, is that Costello contends that he was not required to report the funds received in 1978 prior to filing his 1980 tax return because, on counsel's advice, he segregated those funds and held them "in trust," until the time of the 1980 settlement between him and the corporation. Respondent contends that the funds were taxable when received under a claim of right. See generally North American Oil Consolidated v. Burnet,286 U.S. 417, 424 (1932); United States v. Merrill,211 F.2d 297 (9th Cir. 1954). *65 Respondent is correct. Even assuming that Costello treated the funds as deposited "in trust," he did not either (1) recognize, in 1978 or at all, "an existing and fixed obligation to repay the amount received" or (2) make provision for repayment. See Nordberg v. Commissioner,79 T.C. 655, 665 (1982), affd. without published opinion 720 F.2d 658 (1st Cir. 1983); Hope v. Commissioner,55 T.C. 1020, 1030 (1971), affd. 471 F.2d 738 (3d Cir. 1973). See also Illinois Power Co. v. Commissioner,83 T.C. 842, 895 (1984). Thus, he could not postpone reporting of the income until a final determination was made concerning his entitlement to the disputed amounts. See Estate of Etoll v. Commissioner,79 T.C. 676, 679 (1982); Downing v. Commissioner,43 B.T.A. 1147, 1152-1154 (1941). Costello's unilateral decision to create a so-called trust account does not change the controlling facts that he had control over the funds received and refused to turn them over to the corporation or to acknowledge any obligation to do so. Nor does it alter his obligation to report the funds as *66 income in 1978 when they were received from his clients. Decision will be entered under Rule 155 in docket No. 22752-82.
Decision will be entered for the petitioner in docket No. 33881-83.