WILLIAM ROY HAWKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hawkins v. Commissioner
Docket No. 33091-88
United States Tax Court
T.C. Memo 1990-341; 1990 Tax Ct. Memo LEXIS 368; 60 T.C.M. (CCH) 56; T.C.M. (RIA) 90341; July 9, 1990, Filed *368 Decision will be entered under Rule 155. William Roy Hawkins, pro se. Ruud L. Duvall, for the respondent. COHEN, Judge. *369 COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec. 6653(a)(1)
Sec. 6653(b)
Sec.
Sec.
Year
Deficiency
(A)
(B)
(1)
(2)
6654
6661
1984
$ 41,293.00
--      --
$ 20,646.50
* --
$ 10,323.25
1985
39,387.55
$ 1,969.38
*
--
--
$ 2,257.06  9,846.89
1986
20,170.50
1,008.53
*
--
--
975.92  5,042.63
Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. After concessions, the issues for decision are whether petitioner received $ 23,000 in unreported commission income in 1984, whether he is entitled to various business expenses in 1985 and 1986, and whether *370 he is liable for the additions to tax determined by respondent for 1985 and 1986. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Detroit, Michigan, at the time he filed his petition. In 1984, petitioner received not less than $ 23,000 in commissions from an oriental rug dealer in St. Louis, Missouri. Commission checks were deposited in petitioner's bank account and honored in 1984. Petitioner withdrew those funds from his bank account in 1984. Beginning in 1985, petitioner was engaged in litigation with the bank and with the oriental rug dealer, which litigation was resolved when the dealer paid the bank $ 15,000 in 1988. At all material times, however, petitioner had unrestricted use and benefit of at least $ 23,000 received in 1984. Petitioner did not report the commission income from the rug dealer on his Federal income tax return for 1984. In 1985 and 1986, petitioner was an outside salesman selling debt collection services of North American Collections, Inc. (NACO), and was paid on a commission basis. Petitioner received 60 percent of all contracts sold for *371 NACO. From time to time, petitioner would contract with "canvassers," who would find leads and assist petitioner in closings of transactions. NACO's head office was in St. Louis, Missouri. Petitioner's tax home was in Detroit, Michigan. In relation to his work for NACO, petitioner traveled to St. Louis and to various locations in Michigan and Indiana. During 1985 and 1986, petitioner traveled to Washington, D.C., for personal reasons. In relation to his work for NACO, petitioner incurred expenses for food, meals, entertainment, gasoline, auto repairs, auto rental, air fares, telephone, and other items. He failed to keep adequate records of these expenses. On his tax returns for 1985 and 1986, petitioner deducted as business expenses amounts that were nondeductible personal expenses and other amounts for which he did not have receipts or other substantiation. OPINION Petitioner has the burden of proving that respondent's determinations are erroneous. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), *372 affg. a Memorandum Opinion of this Court; Rule 142(a), Tax Court Rules of Practice and Procedure.
At trial, an oriental rug dealer testified that he had paid commissions to petitioner by checks in 1984 and subsequently had stopped payment on those checks. Petitioner's bank, however, had credited the payments to petitioner's account in 1984, and petitioner withdrew the funds and received the benefit of those checks in 1984. Petitioner testified that he had earned the commissions in 1984 and was entitled to them, and there is no evidence that he ever repaid the amounts made available to him by his bank in 1984. Petitioner has presented no evidence that he recognized an obligation to repay the amounts received in 1984 or that he made provision for repayment. Thus, the commissions represented taxable income during that year. See Nordberg v. Commissioner, 79 T.C. 655, 665 (1982), affd. without published opinion 720 F.2d 658 (1st Cir. 1983); Hope v. Commissioner, 55 T.C. 1020, 1030 (1971), affd. 471 F.2d 738 (3d Cir. 1973). He could not postpone reporting of the income until a final determination was made concerning *373 his entitlement to the disputed amounts. See Estate of Etoll v. Commissioner, 79 T.C. 676, 679 (1982); Downing v. Commissioner, 43 B.T.A. 1147, 1152-1154 (1941). Respondent's determination that petitioner had unreported commission income of $ 23,000 in 1984 must be sustained. During an audit of petitioner's tax liabilities for 1985 and 1986, prior to trial, and in his post-trial brief, respondent conceded that petitioner was entitled to various substantiated business deductions. We have examined the record and find no basis for allowing further deductions for any travel expense, including meals and lodging while away from Detroit, or any entertainment or other expense subject to the substantiation requirements of section 274(d) that have not been allowed by respondent. Specifically, petitioner's testimony compels the conclusion that his trips from Detroit, Michigan, to Washington, D.C., were not for business purposes. Respondent has not, however, allowed any deductions for business telephone expense. Respondent contends that it is impossible to distinguish between business and personal use of petitioner's telephone. Considering the nature *374 of petitioner's business, however, we are convinced that he incurred business telephone expense. We conclude that he is entitled to deduct business telephone expense of $ 100 in 1985 and $ 100 in 1986. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner is not entitled to deduct any other expenses incurred in maintaining his home in Detroit. See section 280A. Respondent's post-trial brief set out in great detail the reasons for respondent's disallowance of various categories of deductions. Petitioner failed to file a brief as ordered by the Court and required by Rule 151, Tax Court Rules of Practice and Procedure. We infer that he has conceded or abandoned his claims. In any event, the evidence does not support any further allowance. The record does support imposition of the additions to tax under section 6653(a) for negligence and under section 6661 for substantial underpayment of income tax for 1985 and 1986. (Petitioner has conceded the additions to tax for 1984 as a result of other settled issues.) The evidence supports our findings that he deducted personal expenses and failed to maintain adequate records of his expenses in 1985 and 1986. *375 Either finding supports the additions to tax for negligence. Petitioner has not shown that he qualifies for any exception to the additions to tax under section 6661. The addition to tax under section 6654 is mandatory absent exceptions not applicable here. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on $ 41,293.00, $ 39,387.55, and $ 20,170.50 for the taxable years 1984, 1985, and 1986, respectively.↩